IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JERRY D. CARTER, | ) | CIVIL NO. 06-00245 JMS-LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| LINDA LINGLE, ET AL., | ) | |
| Defendants. | ) | |

**FINDING AND RECOMMENDATION THAT**
**CASE BE DISMISSED WITHOUT PREJUDICE**

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, on May 4, 2006, Chief Judge Helen Gillmor issued an order setting the Rule 16 Scheduling Conference in this matter for Monday, July 31, 2006.  Pro se plaintiff Jerry D. Carter ("Plaintiff") failed to appear at this conference.  Plaintiff also failed to file a scheduling conference statement, as required by Rule LR16.2(b) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules").

Courts do not take failure to comply with court orders lightly.  Rule 16(f) provides, in pertinent part:

> If a party or party's attorney fails to obey a
> scheduling or pretrial order, . . . the judge,
> upon motion or the judge's own initiative, may
> make such orders with regard thereto as are just,
> and among others any of the orders provided in
> Rule 37(b)(2)(B),(C),(D).

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(C) provides that if a party

fails to obey a court order, the court may "dismiss[] the action or proceeding or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(C).

In addition, Rule 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." Fed. R. Civ. P. 41(b). Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Plaintiff failed to comply with the order setting the Rule 16 Scheduling Conference and to participate in a Court scheduled conference. Since the district court's denial of Plaintiff's request for a temporary restraining order, Plaintiff effectively has failed to prosecute this case. After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).

Moreover, the defendants will not be prejudiced and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that this case be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, August 1, 2006.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JERRY D. CARTER V. LINDA LINGLE, ET AL; CIVIL NO. 06-00245 JMS-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**